Gaston, Judge,
after having stated the pleadings as above, proceeded : — The first question which presents.itself for our consideration, is, whether the defendant Dr. M‘Aden, notwithstanding his having forborne to act as a trustee for Lucy Daniel’s children, had that office imposed upon him.
If he had, it follows that an account must be taken between him and his cestui que trusts, in relation to the administration of the subject-matter of that trust. It is not alleged that he ever executed a formal renunciation or disclaimer of this trust — but it is insisted, that it could not be imposed without his assent, and that he has done no act declaring that assent, or warranting any inference of such assent. We are of opinion that his probate of the will as *209 executor, was an acceptance of this trust. An executor is he to whom the execution of a last- will and testament of personal estate is, by the testator’s appointment, confided. How far the acceptance of the office of executor may necessarily carry with it the acceptance of trusts in relation to real property, which the testator has authorised and directed his executors to perform, it is not now necessary to determine. By this will, lands were devised to be sold, and a personal fund, consisting partly of the proceeds of these sales, and partly of the personal estate of the testator, was directed to be kept for the infant children of Lucy Daniel, by certain persons as trustees for those children, which same persons were by the will constituted executors. Of these, the defendant was one. Nor is it necessary to decide whether he might not, at the time of proving the will, by some solemn and authentic act, hqve declined the office of trustee for the children, although the inclination of our minds is that this would not have been admissible. We think, that as the same persons, who are charged with the office of executors, are also instructed by the will to act as trustees of a fund bequeathed by.that will, this latter duty is imposed upon them as executors; and the acceptance of the office of executor, cannot be qualified by a refusal to perform any duty which the testator has annexed to it. Mucklow v. Fuller, Jacob, 198, (4 Con. Ch. Rep. 93). But if he could have been permitted thus to have declined, we hold that an unqualified engagement to execute the will,, bound him to execute it fully and in every particular, as he was directed to execute it, to the extent of the powers which he derived under it. Where one who is sole executor of another, dies after making a will and appointing executors, those so appointed may accept the office of executor to their immediate testator, and renounce the. office of executor to his testator; but if they prove the will of their immediate testator generally, without such a renunciation, they become executors'also of the first testator.
The taking of the account between the defendant as surviving trustee of Lucy Daniel’s children,' and his cestui que trusts, under the unfortunate, circumstances of this *210 case, will be a task full of difficulties, and Xtyfe'cannot undertake by precise instructions to anticipate and.-provide for a]] 0f these which may and probably -will arise.... Upon the account itself, many subjects may be presented with more distinctness and particularity than they are now seen, and our judgments can then be formed upon them with more accuracy than at present. Such directions only: will be given, as we deem necessary for fixing the attention of the commissioner and the parties, upon the general principles by which the account is to be regulated, and indicating the inquiries which it will be essential to make.
One who is trastee for thechudren of another, as well as lor his own, owes the same duty to each set of cestui que trusts ; and cannot make any arrangement by which his own children are to he benefited in preference to those of the other.
*210 The defendant on the account, is to be charged with.the funds belonging to his cestui que trusts, which ought to have come to his hands, or which did come tó his hands, or which passed through them, or which had been wasted or misapplied by his co-trustees, or either of them, by and with his concurrence. Mere passiveness, in not withdrawing funds out of their hands, which never had been in his, is not such a concurrence as to render him chargeable. The Court collects from the settlement between the defendant and Archibald D. Murphy, a copy whereof is annexed to the answer, that previously to the date of that settlement (12th May, 1827,) there had been no definite appropriation of the balance in the defendant’s hands of the assets of his testator, (thereby stated to be two thousand three hundred and twenty-two dollars, sixty-nine and a half cents,) nor of the debt due from the estate of Mrs. Murphy to the executors of his testator (which is represented as two thousand nine hundred and thirty dollars,) to the children of the defendant. At that time it is not to be questioned but that the situation of Mr. Murphy was desperate, and that the defendant knew that the payment of these sums to him must be attended with imminent danger to those interested in their preservation. He was the only responsible trustee for the children of Lucy Daniel, as well as sole trustee for his own children. We are of opinion that he owed the same duty of protection to each . , ,,. , . , , set ot his cestui que trusts; that he should have held on those fun(]s for the benefit of all his cestui que trusts; and that he ± had not then a right, by a mere arrangement with the insol *211 vent trustee to appropriate them solely to the use of his own children. If the defendant can, he may exhibit evidence to show more fully the time and nature of this appropriation, but prima facie, he is to account with the children of Lucy Daniel for their rateable share in these funds.
The sale of negroes belonging to . an estate without a previous order of Court is irregular, and any losses occurring under such sale, are prima facie chargeable on all the executors who concurred in making it. But if the sales ought to have been made, the mere neglect to procure an order of Court, does not impose this liability.
To ascertain the amount to which the children of Mrs. Daniel are entitled out of the personal estate of the testator, and what the defendant’s liability is by reason of bis and his co-executor’s administration of that estate, an account of that administration becomes necessary. In taking that account, the defendant is not to be charged because of funds which never came to nor passed through his hands, and which have been lost by the devastavit of either of his co-executors, unless such devastavit was by and with his concurrence. The sale of the negroes belonging to the estate, without a previous order of Court, was irregular; and the losses sustained by reason of negroes bought and not paid for, arejvrima facie chargeable’on all who concurred in making such sales. But if the sales ought to have been made, the mere neglect to procure an order of Court does not impose this liability. The commissioners will therefore inquire whether these sales were necessary; if not, wherefore they were made; and whether the defendant concurred in making them.
The Court is of opinion, that during the life of Archibald D. Murphy, the defendant had no authority to interfere with the sale of the lands of his testator. These lands are by the will devised to Alexander and Archibald D. Murphy and to the survivor of them, expressly in trust to be sold. They are also by the will appointed executors, and in the same clause in which they are so appointed, the testator authorises and empowers them, or the survivor of them, to execute deeds for the lands which máy be so sold. But in the event that both should die before such sale and conveyance, then a power is conferred upon the defendant and Herudon Harralson, or the survivor of them, to make such sales and conveyances, and “ to execute all the trusts of the will.” As this substitution is to take place only in the event that the trusts in regard to the sale and conveyance of the lands, should not have been fulfilled in the lifetime of *212 either of the original trustees, the Court understands this substitution to extend to ajl those trusts only, which relate to the subject-matter — the trusts declared in relation to the lands ; and that the latter are not substituted as executors in lieu of the former. When, by the codicil, the testator appoints the defendant, in addition to his two sons, one of the executors to co-operate with them in executing his will, he thereby bestows on him no other authority than that which is attached to the office of executor, and does not make him a devisee with his two sons in trust, nor confer upon him any authority concurrently with them in the disposition of the lands.
In taking an account against an executor, who, without any actual fraud onhis part is-chargeable because of the devas-tavit of his coexecutor, no further evidence of credits for disbursements oi-advancements made by such co-■ executor is to be required, than can reasonably be demanded of one who was not personally cognizant of them, and cannot be supposed to possess regular vouchers therefor.
The Court is satisfied that whatever liabilities may attach to the defendant, because of the mismanagement of his coexecutors and cotrustees, and of his implicit confidence in them; no imputation of fraud rests upon him. In taking each of the accounts, therefore, the commissioner is to exact no further evidence of credits for disbursements or advancements made by either of his associates, than can reasonably be required of one, who was not personally cognizant of them, and cannot be supposed to possess regular vouchers therefor.
An interesting question will probably arise between the plaintiffs Jonathan Worth and wife, and the defendant, founded on the alleged settlement between Mr. Worth and the late Mr. Murphy, and the transactions consequent on it. That settlement, if in existence, must be exhibited, and the commissioner will not only report it, but all the transactions connected with it, to enable the Court to pronounce whether Mr. Worth has not, according to the rules of equity, made Mr. Murphy his personal debtor, and released the defendant from the claim now sought to be enforced. The consideration of this question is distinctly reserved until the coming in of the report.
The commissioner will also inquire and report, who are the persons entitled to the benefit of the bequest made to Lucy Daniel’s children, and which of them have attained the age of twenty-one years; and also whether any lands of the testator remained undisposed of at the death of the late Archibald D. Murphy. If any so remained, it will then *213 be our duty to inquire what relief, if any,' it may be in our power to give, in relation to the sale of these lands. 1 °
The defendants John M. Daniel and James M. Daniel being parties to these proceedings, are consequently interested in the accounts that may be taken; but if any thing should be found due to the children of Lucy Daniel, they cannot have a decree for their part of it, in a case where they are merely defendants.
Per Cueiam. Direct an account.